UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ANN SEARS, an individual,<br><br>                                          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>                                          Defendant. | Case No.:  21-CR-03189-GPC<br>Related Case No.:  24-CV-01732-GPC<br><br>**ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C § 2255**<br><br>**[ECF No. 1]** |

On April 27, 2024, the Court entered a judgment against Susan Ann Sears following her conviction for multiple counts of wire fraud.  ECF No. 56.  Following Ms. Sears' conviction, the Court entered an Order of Criminal Forfeiture, ECF No. 44, and an Order of Restitution, ECF No. 55.  On September 19, 2024, Ms. Sears filed the instant motion to vacate pursuant to 28 U.S.C. § 2255.  ECF No. 87.  In her motion, Ms. Sears challenges both the forfeiture and restitution orders.  *Id.*

At the outset, the Court notes that Ms. Sears' motion is untimely, as it was filed over a year after the judgment became final.  *See* 28 U.S.C. § 2255(f).  Even if it was

1

timely, Ms. Sears has not presented a cognizable § 2255 claim because she does not seek release from custody. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) ("[b]y its clear terms, § 2255 is applicable only to prisoners in custody claiming the right to be released"); *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) ("[c]laims seeking release from custody can be brought under § 2255; claims seeking other relief cannot").

Specifically, Ms. Sears' challenge of the forfeiture order is not cognizable because it seeks only to challenge the forfeiture and does not seek release from custody. *See United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) ("Finze's forfeiture claim is not a cognizable § 2255 claim, because it does not seek release from custody"); *Oranga-Zuniga v. United States*, 2014 WL 3056800, at *2 (W.D. Wash. July 7, 2014) ("Petitioner's motion plainly seeks to challenge the Court's prior order of forfeiture. Petitioner's claim is not cognizable through a § 2255 motion.") (citing *Thiele*, 314 F.3d at 402). Nor does Ms. Sears' challenge of the restitution order present a cognizable § 2255 claim. *See Kramer*, 195 F.3d at 1130 (holding that § 2255 "cannot be used solely to challenge a restitution order"); *Thiele*, 314 F.3d at 401 ("[w]e agree with the district court that *Kramer* controls and that Thiele cannot collaterally attack his restitution order in a § 2255 motion"); *Tong v. United States*, 81 F.4th 1022, 1026 (9th Cir. 2023) (finding that the petitioner's restitution challenge was not cognizable under § 2255). Because Ms. Sears has not stated a cognizable claim under § 2255, she is not entitled to the relief she seeks.

Accordingly, Ms. Sears' motion to vacate her sentence is DENIED.

**IT IS SO ORDERED.**

Dated: September 30, 2024

Hon. Gonzalo P. Curiel
United States District Judge